UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LARY FEEZOR,

        Plaintiff,

   v.                                NO. CIV. S-06-01638 WBS DAD

H.I. MANAGEMENT OF RANCHO
CORDOVA dba HAMPTON INN
RANCHO CORDOVA,

        Defendants.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

        After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for October 10, 2006, and makes the following findings and orders without needing to consult with the parties any further:

        I.   SERVICE OF PROCESS

        All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

        II.   JOINDER OF PARTIES/AMENDMENTS

        No further joinder of parties or amendments to

1  pleadings is permitted except with leave of court, good cause
2  having been shown under Fed. R. Civ. P. 16(b).  See Johnson v.
3  Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).
4              III.  JURISDICTION/VENUE
5              Jurisdiction is predicated upon 28 U.S.C. § 1331
6  (federal question), 28 U.S.C. § 1343 (civil rights and elective
7  franchise), 28 U.S.C. § 1367 (supplemental jurisdiction) and 42
8  U.S.C. § 12101, et seq. (The Americans with Disabilities Act).
9  Venue is undisputed and is hereby found to be proper.
10             IV.  DISCOVERY
11             The parties will serve the initial disclosures
12  required by Fed. R. Civ. P. 26 (a)(1) by no later than November
13  10, 2006.
14             The parties shall disclose experts and produce reports
15  in accordance with Fed. R. Civ. P. 26(a)(2) by no later than
16  February 28, 2007, with supplemental disclosures by no later than
17  March 28, 2007.
18             With regard to expert testimony intended solely for
19  rebuttal, those experts shall be disclosed and reports produced
20  in accordance with Fed. R. Civ. P. 26(a)(2) on or before  March
21  28, 2007.
22             All discovery, including depositions for preservation
23  of testimony, is left open, save and except that it shall be so
24  conducted as to be completed by April 30, 2007.  The word
25  "completed" means that all discovery shall have been conducted so
26  that all depositions have been taken and any disputes relevant to
27  discovery shall have been resolved by appropriate order if
28  necessary and, where discovery has been ordered, the order has

been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than  April 30, 2007.

## V.   MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be filed on or before  June 29, 2007.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

## VI.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for September 24, 2007 at 10:00 a.m. in Courtroom No. 5.   The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial

1 days.

2 In providing the plain, concise statements of
3 undisputed facts and disputed factual issues contemplated by
4 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
5 claims that remain at issue, and any remaining affirmatively pled
6 defenses thereto.  If the case is to be tried to a jury, the
7 parties shall also prepare a succinct statement of the case,
8 which is appropriate for the court to read to the jury.

9      VII.   TRIAL SETTING
10 The court trial is set for November 13, 2007 at 9:00
11 a.m. in Courtroom No. 5.

12      VIII.  SETTLEMENT CONFERENCE
13 A Settlement Conference will be set at the time of the
14 Pretrial Conference.

15 All parties should be prepared to advise the court
16 whether they will stipulate to the trial judge acting as
17 settlement judge and waive disqualification by virtue thereof.

18 Counsel are instructed to have a principal with full
19 settlement authority present at the Settlement Conference or to
20 be fully authorized to settle the matter on any terms.  At least
21 seven calendar days before the Settlement Conference counsel for
22 each party shall submit a confidential Settlement Conference
23 Statement for review by the settlement judge.  If the settlement
24 judge is not the trial judge, the Settlement Conference
25 Statements shall not be filed and will not otherwise be disclosed
26 to the trial judge.

27      IX.   MODIFICATIONS TO SCHEDULING ORDER
28 Any requests to modify the dates or terms of this

1  Scheduling Order, except requests to change the dates of the
2  final Pretrial Conference or trial, may be heard and decided by
3  the assigned Magistrate Judge.  All requests to change the dates
4  of the Pretrial Conference and/or trial shall be heard and
5  decided only by the undersigned judge.
6  DATED: September 28, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE