UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LARY FEEZOR,

        Plaintiff,

   v.

H.I. MANAGEMENT OF RANCHO CORDOVA d/b/a HAMPTON INN RANCHO CORDOVA,

        Defendant.

NO. CIV. S-06-1638 WBS DAD

MEMORANDUM AND ORDER RE: MOTION TO STRIKE

----oo0oo----

        Plaintiff Lary Feezor brought this action against defendant H.I. Management of Rancho Cordova d/b/a Hampton Inn Rancho Cordova's ("Hampton Inn") under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., as well as related California statutes, alleging a violation of his civil rights.  In particular, plaintiff, a paraplegic, contends that when he visited the Hampton Inn, he encountered physical and other intangible barriers as a result of his disability that interfered with and denied his ability to use and enjoy the facility.  (Compl. ¶¶ 10-12.)

1           On September 15, 2006, defendants filed their answer to
2  the complaint, and on September 29, 2006, this court entered a
3  Status (Pretrial Scheduling) Order.  (September 29, 2006 Order.)
4  In that order, the court stated that "[n]o further joinder of
5  parties or amendments to pleadings is permitted except with leave
6  of court, good cause having been shown under Fed. R. Civ. P.
7  16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604
8  (9th Cir. 1992)."  (Id. at 1-2.)
9           On November 6, 2006, plaintiff filed a first amended
10 complaint that was, in substance, the same as its original
11 complaint, but added W2005/Fargo Hotels (Pool B) Realty, L.P.
12 ("Fargo Hotels") as a defendant.  On November 20, 2006,
13 defendant filed the instant motion to strike plaintiff's first
14 amended complaint, contending that the scheduling order
15 prohibited amending pleadings after the September 29, 2006, date,
16 and thus the amended complaint must be stricken, good cause
17 having not been shown.
18          "A scheduling order 'is not a frivolous piece of paper,
19 idly entered, which can be cavalierly disregarded by counsel
20 without peril.' [citation omitted] . . . Disregard of the order
21 would undermine the court's ability to control its docket,
22 disrupt the agreed-upon course of the litigation, and reward the
23 indolent and the cavalier."  Johnson, 975 F.2d at 610.  If a
24 party fails to obey a pretrial scheduling order, the court may
25 properly strike a party's pleading.  Fed. R. Civ. P. 16(f),
26 37(b)(2)(C).  In this case, plaintiff's amended complaint was
27 filed in direct contravention of this court's September 29, 2006,
28 deadline established by the pretrial scheduling order.  Plaintiff

2

did not petition this court for leave to amend, and such a blatant disregard of the prior order is improper.  Accordingly, the court will grant defendant's motion.

    IT IS THEREFORE ORDERED that plaintiff's first amended complaint be, and the same hereby is, STRICKEN.

DATED:  January 9, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE